IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTAULIC COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-887 (CFC) (JLH) |
| | ) |
| ASC ENGINEERED SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**JOINT STIPULATION OF
<u>NON-INFRINGEMENT OF '579 AND '025 PATENTS</u>**

In light of the Court's Claim Construction Order entered at D.I. 124, Plaintiff Victaulic Company ("Victaulic") and Defendant ASC Engineered Solutions, LLC ("ASC"), hereby stipulate and agree as follows:

1. On June 30, 2020, Victaulic filed its Complaint against ASC (D.I. 1) alleging infringement of United States Patent Nos. 7,712,796 ("the '796 patent"), 10,458,579 ("the '579 patent"), and 10,627,025 ("the '025 patent").

2. In response to Victaulic's Complaint, ASC has asserted affirmative defenses and counterclaims, including counterclaims of non-infringement, invalidity, and unenforceability. (D.I. 22).

3. On September 23, 2021, following briefing by the parties, the Court held a claim construction hearing as to disputed limitations in the patents-in-suit.

4. On October 18, 2021, the Court issued its Order construing certain

terms of the patents-in-suit (D.I. 124), including the following constructions:

| U.S. Patent No. 10,458,579 |||
| Claim | Term/Phrase | Court's Construction |
|---|---|---|
| 1 | "first and second segments connected end to end such that the first and second ends of the first segment are connected to first and second ends, respectively, of the second segment" | No construction necessary. |
| 1 | "wherein said first and second segments are . . . configured to be drawn toward one another" | "wherein said first and second segments are configured to be drawn toward one another using only one fastener"<br><br>Under the Court's construction, the claimed "coupling assembly" can have only one fastener. |

| U.S. Patent No. 10,627,025 |||
| Claims | Term/Phrase | Court's Construction |
|---|---|---|
| 1, 26, 30 | "a plurality of segments attached to one another end to end to form a loop around a central space" | No construction necessary. |
| 1, 26, 30 | "wherein the coupling is . . . configured such that . . . the plurality of segments can be drawn toward one another and the central space" | "the plurality of segments are configured to be drawn toward one another and the central space using only one fastener"<br><br>Under the Court's construction, the claimed "preassembled coupling" can have only one fastener. |

5. Subject to all of Victaulic's rights to appeal, Victaulic concedes that, under the Court's constructions of the terms "wherein said first and second

2

segments are . . . configured to be drawn toward one another" in the '579 patent, and "wherein the coupling is . . . configured such that . . . the plurality of segments can be drawn toward one another and the central space" in the '025 patent, none of ASC's accused products satisfy these limitations of the asserted claims in the '579 and '025 patents. In particular, under each of the foregoing limitations as construed by the Court, the claimed devices "can have only one fastener," but the "coupling assembly"/"preassembled coupling" in each of ASC's accused products includes two fasteners (specifically two bolts/nuts). Therefore, under the Court's Claim Construction Order, none of ASC's accused products satisfy the "wherein said first and second segments are . . . configured to be drawn toward one another" limitation in the '579 patent or the "wherein the coupling is . . . configured such that . . . the plurality of segments can be drawn toward one another and the central space" limitation in the '025 patent.[1]

6. To preserve judicial and party resources for the remainder of the case and to permit appellate review of the Court's claim constructions at the conclusion of the case, the parties stipulate to the entry of judgment against Victaulic and in favor of ASC that the accused products have not infringed and currently do not infringe the '579 and '025 patents under the Court's Claim Construction Order.

---

[1] ASC has additional non-infringement arguments, which it reserves pursuant to paragraphs 7 and 8 herein.

7. The parties further stipulate and agree that ASC's unadjudicated affirmative defenses and counterclaims with respect to the '579 and '025 patents are dismissed without prejudice, that ASC reserves and retains the right to reassert any such affirmative defenses and counterclaims in the future, including in the event of a reversal or remand to this Court following an appeal from the final judgment entered in this case.  ASC reserves the right to reassert its affirmative defenses and counterclaims should any of Victaulic's infringement claims regarding the '579 patent or '025 patent be revived for any reason, including, but not limited to, modification of the Court's claim constructions on appeal.

8. Victaulic and ASC expressly reserve their rights to challenge any of the Court's claim constructions on appeal.  Both parties expressly reserve all appellate rights including, but not limited to, the right to appeal the Court's Claim Construction Order to the United States Court of Appeals for the Federal Circuit.

9. For example, and without limitation, ASC reserves the right to challenge the Court's constructions of the terms "first and second segments connected end to end such that the first and second ends of the first segment are connected to first and second ends, respectively, of the second segment" in the '579 patent, and "a plurality of segments attached to one another end to end to form a loop around a central space" in the '025 patent. Conversely, for example, Victaulic reserves the right to challenge the Court's constructions of the terms

4

"wherein said first and second segments are . . . configured to be drawn toward one another" in the '579 patent, and "wherein the coupling is . . . configured such that . . . the plurality of segments can be drawn toward one another and the central space" in the '025 patent.

10. The parties also stipulate and agree that any discovery disputes related to the '579 patent or the '025 patent are hereby preserved, including in the event of a reversal and remand to this Court following any appeal from a final judgment entered in this case.

11. A proposed judgment reflecting this stipulation is respectfully submitted herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Anthony D. Raucci

Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
araucci@morrisnichols.com

*Attorney for Plaintiff Victaulic Company*

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant
ASC Engineered Solutions, LLC*

November 19, 2021

SO ORDERED on this _____ day, November, 2021.

_____
Chief, United States District Judge