IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VICTAULIC COMPANY,

              Plaintiff,

       v.

ASC ENGINEERED SOLUTIONS, LLC,

              Defendant.

Civil Action No. 20-887-GBW

## **MEMORANDUM ORDER**

On July 21, 2022, Defendant ASC Engineered Solutions ("ASC") filed a Motion for Bifurcation of this action ("the Motion"). D.I. 258. ASC has proposed that, before the Court tries patent infringement, invalidity, and damages to a jury, the Court should first try several of ASC's contract-related defenses to a jury or via a bench trial: (1) ASC's counterclaim that "seeks a judicial declaration that all of [Defendant] Victaulic[] [Company's ("Victualic")] patent infringement claims are barred by the license grant or the covenant not to sue, or both, under the" Settlement and License Agreement, Release, and Covenant Not to Sue between the parties to this suit—and related corporations—with an effective date of October 12, 2016 (the "Settlement Agreement," D.I. 22, Ex. A.); (2) ASC's defense "that this suit is barred by the Settlement Agreement"; and (3) ASC's counterclaim that Victaulic breached the Settlement Agreement when it brought this suit. *See* D.I. 259 at 4. Victaulic opposes bifurcation on efficiency and fairness grounds. D.I. 261 at 2. ASC has requested oral argument as to the Motion. D.I. 265.

The Settlement Agreement selects Delaware law. D.I. 22, Ex. A § 11.5. Under Delaware law, "[t]he proper interpretation of language in a contract, while analytically a question of fact, is

treated as a question of law . . . ." *Stone v. Nationstar Mortg. LLC*, 2020 WL 4037337, at *5 (Del. Ch. July 6, 2020) (internal quotation marks and citation omitted). The Settlement Agreement grants ASC a license to sell "any Anvil Product" worldwide. D.I. 22, Ex. A §§ 1, 2.6. Victaulic also agrees not to sue ASC "in connection with the manufacture, use, offer to sell, sale, importation or other disposition of any Anvil Product [worldwide] . . . during" the life of, among others, U.S. Patent No. 7,712,796 ("the '796 patent"). *Id.* at §§ 1, 2.5, 9.1. The '796 patent is now "the sole patent-in-suit." D.I. 259 at 1. "Anvil Product" is defined as follows:

> Anvil International's SlideLOK couplings of all current (and future sizes which are scaled versions of current sizes) as listed in and illustrated by the drawings in Schedule A . . . (the "Listed Couplings"), including variations thereof, such variations including, updates or improvements thereto and future versions or revisions thereof . . . ; provided that such variations do not: (a) result in a coupling that is more than colorably different from the Listed Couplings relative to Victaulic's patented structural features, appearance, functionality, or method of assembly; or (b) result in a coupling that is the same as, or only colorably different from, the Current Victaulic Couplings relative to Victaulic's patented structural features, appearance, functionality, or method of assembly.

D.I. 22, Ex. A § 1. The Court has not yet provided a final interpretation of "Anvil Product." *See* Tr. of Hr'g of Dec. 17, 2021, at 48:20–49:6 (discussing the possibility that the Court would need to consider extrinsic evidence because the parties "didn't have a meeting of the minds").

On November 18, 2020, the Court scheduled a final pretrial conference for September 28, 2022 at 3:00 PM. D.I. 31. After the completion of claim construction (D.I. 124) and fact discovery (D.I. 259 at 1), the denial of an early motion for summary judgment (D.I. 110) on the contract issues (D.I. 259 at 1), and the submission of the parties' pretrial order (D.I. 269) and proposed jury instructions (D.I. 270; D.I. 271; D.I. 272; D.I. 273; D.I. 274), this case was reassigned to Judge Gregory Williams on September 7, 2022. Pending now are Victaulic's three Motions for Summary Judgment (D.I. 193; D.I. 197; D.I. 201), ASC's Motion to Exclude certain opinions of Victaulic's expert witnesses (D.I. 212), the Motion, and pretrial matters (*e.g.*, D.I. 269; D.I. 270).

The Court cannot address the parties' outstanding motions and be prepared to resolve outstanding pretrial issues by September 28, 2022. Instead, the Court will use this time to hear oral argument on ASC's Motion. The Court asks that the parties come prepared to discuss a two-part trial in which one jury shall consider contract issues and another jury, if necessary and sitting later, shall consider patent infringement, invalidity, and damages.

To assist the Court in its review of the Motion, the Court asks that ASC provide letter briefing of no more than three (3) pages on the definition of "Anvil Product" by 5:00 PM on Wednesday, September 21, 2022. The letter briefing shall (1) specify a proposed definition of "Anvil Product" that the Court would use to instruct the jury, (2) provide citations to case law and the docket in support of the proposed definition, (3) explain whether, and, if so, why, the Court must consider extrinsic evidence to construe the definition, and (4) explain whether the Court must incorporate language from the '796 patent into its definition. Victaulic shall provide responsive letter briefing of no more than three (3) pages by 5:00 PM on Friday, September 23, 2022 that includes its own proposed definition, addresses the same topics, and responds to ASC's briefing. The parties shall provide three (3) paper courtesy copies of any briefing and cited docket entries that are pertinent to the Court's review thereof.

WHEREFORE, at Wilmington this 19th day of September 2022, **IT IS HEREBY ORDERED** that the parties shall appear on September 28, 2022 at 3:00 PM in Courtroom 6B for oral argument on ASC's Motion for Bifurcation (D.I. 258) and that the parties shall provide letter briefing to the Court on the topics and in accordance with the schedule set forth above.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE
