IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTAULIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASC ENGINEERED SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. 20-887-GBW |

## MEMORANDUM ORDER

On January 10, 2023, the Court held a final pretrial conference in which it ordered Plaintiff Victaulic Company ("Victaulic") and Defendant ASC Engineered Solutions ("ASC") to meet-and-confer on various issues and to subsequently submit letter briefing. D.I. 308. Before the Court now is the letter briefing that the parties have submitted, D.I. 309; D.I. 310; D.I. 311. The Court reviews the three distinct issues that the parties address in turn.

First, at the final pretrial conference, the Court ordered the parties to submit "[a] joint letter that states each claim that Victaulic asserts and each defense that ASC asserts as to each asserted claim[.]" D.I. 308 ¶ 7(a). The Court also ordered the parties to meet-and-confer as to Victaulic's Motion In Limine #2, D.I. 308 ¶ 2, which sought to exclude ASC's non-infringement defense that its accused SLT products failed to meet the limitation in Claim 1 of United States Patent No. 7,712,796 ("the '796 patent") that "each of said arcuate surfaces . . . hav[e] a radius of curvature greater than the radius of curvature of said outer surfaces of said pipe elements exclusive of said circumferential grooves" (the "Radius Limitation"), D.I. 303-1, Ex. 2.1; D.I. 1-1, Ex. 1 at Claim 1. After the parties met and conferred, ASC agreed that it would "no longer assert noninfringement

1

of the Radius Limitation at trial." D.I. 311 at 5. However, ASC asserts that the accused SLT products fail to infringe because they do not literally meet the limitation in the first paragraph of Claim 1 of the '796 patent that "said pipe elements each hav[e] a circumferential groove in said outer surfaces of said end portions," (the "Groove Limitation"). *Id.*; D.I. 1-1, Ex. 1 at Claim 1. "Victaulic asks the Court to exclude ASC and its witnesses from asserting at trial ASC's . . . Groove Limitation noninfringement defense." D.I. 311 at 2.

The parties agree that the Groove Limitation defense was included at least in response to Victaulic's Motion #2 for Partial Summary Judgement that the Accused Products Literally Meet the Radius of Curvature Limitation, which the Court denied on December 6, 2023. D.I. 294 at 1, 11-13; D.I. 311 at 3, 5. In its Memorandum Order, the Court also construed the term "outer surfaces" "as used in the second paragraph of Claim[] 1 . . . ." D.I. 294 at 13. On December 13, 2022, the parties jointly filed a Proposed Pretrial Order, which contained in Exhibit 1 a Joint Statement of Uncontested Facts. D.I. 302-1, Ex. 1. Therein, the parties agreed that, "[u]nder the Court's claim construction, each SLT Product, when combined with a grooved pipe element (together 'Accused Product'), literally includes every element in every Asserted Claim [including Claim 1] other than the following elements[,]" which included the Radius Limitation but not the Groove Limitation. *Id.* ¶ 43.

ASC argues that it has put at issue the proper interpretation of "outer surface" throughout this case and, thus, "Victaulic has been fully aware of these issues and would not be prejudiced from allowing ASC to address [the Groove Limitation] and the parties' disputed, material fact through expert and fact witness testimony at trial." D.I. 311 at 5-6. However, as of December 13, 2022—subsequent to the Court's ruling as to the Radius Limitation and the Court's construction of the term "outer surfaces" in the second paragraph of Claim 1 of the '796 patent—ASC agreed

that the Groove Limitation, which appears in the first paragraph of the '796 patent, was not at issue. *See* D.I. 302-1, Ex. 1 ¶ 43. Even if ASC put Victaulic on notice of a potential dispute regarding the Groove Limitation, ASC explicitly disclaimed any such dispute in the parties' December 13, 2022 filing.

The prejudice to Victaulic of permitting ASC to now assert a new and recently disclaimed defense would be substantial, there would be no opportunity to cure the prejudice at this late hour, and ASC admits that the issue is important and "potentially dispositive." D.I. 311 at 3-5; *see* D.I. 31 ¶ 8 (requiring "final infringement contentions thirty (30) days after entry of the Court's claim construction order"); D.I. 124 (the Court's claim construction order on October 18, 2021); D.I. 149 (notice of service of final infringement contentions on November 18, 2021). Thus, the Court grants Victaulic's request "to exclude ASC and its witnesses from asserting at trial ASC's . . . Groove Limitation noninfringement defense." D.I. 311.

Second, both Victaulic, D.I. 309 at 1, and ASC, D.I. 310 at 1, agree that it is for the Court to decide "whether the royalty ASC pays under the parties' settlement agreement is properly apportioned to the SlideLOK 74FP coupling when sold with a pre-installed element in the SLT products[,]" D.I. 308 ¶ 7(b). Thus, the Court defers consideration of the aforesaid issue until after the Court has heard all evidence adduced at trial and has the benefit of the jury's findings of fact as to, *inter alia*, whether ASC has infringed the '796 patent and whether ASC has a license to sell the accused SLT products under the parties' prior settlement agreement.

Third, both Victaulic and ASC, D.I. 311 at 1, agree that the Court need not "excise any portion of the Federal Judicial Center's ('FJC') video introducing jurors to the United States patent system[,]" D.I. 308 ¶ 7(c). The Court accepts the parties' agreement.

WHEREFORE, at Wilmington this 13th day of January, 2023, **IT IS HEREBY ORDERED** that Victaulic's request to exclude ASC and its witnesses from asserting at trial ASC's Groove Limitation noninfringement defense is **GRANTED** and the Court defers consideration of how or whether to apportion the royalty for the accused SLT products until after trial.

*/s/ Gregory B. Williams*
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE